# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | |
|---|---|
| Hon. Joshua H. Roberts; Hon. Mary C. McGinley; Hon. Nicola Henry-Taylor; Hon. Sabrina Korbel; Hon. Lisa G. Middleman; Hon. Tiffany E. Sizemore; Hon. Wrenna L. Watson; and Hon. David H. Conroy, | : : : : : : : |
| Petitioners | : : |
| v. | : No. 339 M.D. 2022 : Argued: December 14, 2022 |
| Pennsylvania State Employees' Retirement Board; David R. Fillman; Glenn E. Becker; Hon. John M. Disanto; Hon. Dan B. Frankel; Stacy Garrity; Hon. Vincent J. Hughes; Gregory K. Jordan; Hon. Paul Schemel; Mary A. Soderberg; Gregory C. Thall; and Richard Vague, in their official capacities as members of the Pennsylvania State Employees' Retirement Board, | : : : : : : : : : : : |
| Respondents | : |

BEFORE:  HONORABLE RENÉE COHN JUBELIRER, President Judge
HONORABLE PATRICIA A. McCULLOUGH, Judge
HONORABLE MICHAEL H. WOJCIK, Judge
HONORABLE CHRISTINE FIZZANO CANNON, Judge
HONORABLE ELLEN CEISLER, Judge
HONORABLE LORI A. DUMAS, Judge

OPINION
BY JUDGE WOJCIK                    FILED: September 13, 2023

Before this Court in our original jurisdiction is Petitioners'[1] Application for Summary Relief (Application) against the Pennsylvania State Employees' Retirement Board and its members acting in their official capacities[2] (collectively, the Board) seeking declaratory, injunctive, and mandamus relief on the basis that the 2017 Amendment[3] to the State Employees' Retirement Code (Retirement Code)[4] is unconstitutional under article V, sections 1 and 16(a) of the Pennsylvania Constitution, Pa. Const. art. V, §§1, 16(a), and contrary to Pennsylvania Supreme Court precedent. For the reasons that follow, we deny Petitioners' Application.

## I. Background

Section 3352 of the Judicial Code provides: "Former and retired judges and magisterial district judges shall receive such compensation as shall be provided by or pursuant to statute." 42 Pa. C.S. §3352. In 1959, the General Assembly enacted the predecessor to the Retirement Code and established the Pennsylvania State Employees' Retirement System (Retirement System), a comprehensive retirement system for state employees, including judges. Thereunder, judges who entered the Retirement System had the option to elect special coverage, *i.e.*, Class E-1 status, which permitted them to contribute a higher percentage of their salaries and receive proportionately higher pension benefits. Judges also had the option of

---

[1] The named Petitioners are Honorable Joshua H. Roberts; Honorable Mary C. McGinley; Honorable Nicola Henry-Taylor; Honorable Sabrina Korbel; Honorable Lisa G. Middleman; Honorable Tiffany E. Sizemore; Honorable Wrenna L. Watson; and Honorable David H. Conroy.

[2] The named Board members are David R. Fillman; Glenn E. Becker; Honorable John M. Disanto; Honorable Dan B. Frankel; Stacy Garrity; Honorable Vincent J. Hughes; Gregory K. Jordan; Honorable Paul Schemel; Mary A. Soderberg; Gregory C. Thall; and Richard Vague.

[3] Act of June 12, 2017, P.L. 11.

[4] 71 Pa. C.S. §§5101-5958.

making additional retirement fund contributions each year from earnings in excess of the Social Security wage base, and to receive additional corresponding benefits upon retirement.

On March 1, 1974, the General Assembly consolidated the Retirement Code and amended provisions of the former law. In particular, the General Assembly eliminated Class E-1 status and attendant retirement options for judges who began service after March 1, 1974 (1974 Amendment). As a result, judges who took office after that date were required to contribute to the retirement fund at the same rate as all Class A employees and were no longer permitted to elect optional plans under Class E-1. In effect, the 1974 changes created two tiers of judges in terms of compensation.

The constitutionality of the 1974 Amendment was challenged in *Goodheart v. Casey*, 555 A.2d 1210 (Pa. 1989) (plurality), and the companion case *Klein v. Commonwealth*, 555 A.2d 1216 (Pa. 1989) (plurality). In both cases, a plurality of the Supreme Court held that the 1974 Amendment was unconstitutional as applied to judges, but the Court was divided over whether it was unconstitutional under article V, sections 1 of the Pennsylvania Constitution or article V, section 16(a) of the Pennsylvania Constitution. *Compare Klein* (three of the seven justices concluded it was unconstitutional under Pa. Const. art. V, §1; three concurred; one dissented), *with Goodheart* (three of the seven justices concluded it was unconstitutional under Pa. Const. art. V, §16(a); three concurred; one dissented).

In 2010, the General Assembly amended the Retirement Code, only this time, it excluded judges (2010 Amendment) from the change. The 2010 Amendment was not challenged.

In 2017, the General Assembly again amended the Retirement Code by enacting the 2017 Amendment, which is the subject of this litigation. The 2017 Amendment altered certain retirement plan options for state employees, including judges, who entered the Retirement System on or after January 1, 2019. Up to that point, the Retirement Code primarily offered a defined-benefit plan, and intervening amendments over the years merely changed the inputs used to determine the final pension, by increasing or decreasing contribution rates, vesting periods, and the multiplier. Prior to the 2017 Amendment, judges' pensions would vest after five years of service, unless a judge was over 60, in which case the pension would vest after three years of service.

The 2017 Amendment amended multiple provisions and added new provisions to the Retirement Code. Notably, the 2017 Amendment changed the retirement model from a traditional defined-benefit plan by incorporating a defined-contribution plan, which allows the member to choose how his/her money will be invested for retirement. *See* Section 5306.4 of the Retirement Code, 71 Pa. C.S. §5306.4. Under the 2017 Amendment, new employees, including new judges, choose from three options: one of two hybrid structures, using both a defined benefit and a defined contribution, or a third option that is only a defined contribution. *Id.* For any plan under the 2017 Amendment, a member's defined contribution vests after three years under Section 5809, 71 Pa. C.S. §5809, while any defined benefit vests after ten under Sections 5308(b)(2) and (3) and 5309(2) and (3), 71 Pa. C.S. §§5308(b)(2) & (3), 5309(2) & (3), or three if age 67 under Section 5308(a), 71 Pa. C.S. §5308(a). The 2017 Amendment applies generally to most Commonwealth employees, including members of the legislature and executive employees, without any special exemption or benefits for judges. *See* Section 5102, 71 Pa. C.S. §5102

4

(definition of Class A-5). The 2017 Amendment applies to new employees who first enter the Retirement System on or after January 1, 2019. However, existing employees may opt into the new hybrid structure or defined-contribution plan. *See* Section 5306.5, 71 Pa. C.S. §5306.5.

On June 24, 2022, Petitioners filed a petition for review against the Board as the entity responsible for executing, enforcing, and administering the Retirement Code. Petitioners allege that they are members of the Pennsylvania Judiciary who assumed office and entered the Retirement System after January 1, 2019. Petitioners assert that they are not eligible for the same retirement options and benefits as their colleagues who entered the Retirement System before January 1, 2019.

On this basis, Petitioners claim that the 2017 Amendment creates a two-tiered class system that violates the Pennsylvania Constitution, specifically, sections 1 and 16(a) of article V, insofar as it reduces compensation available to judges of the same level based solely on the date on which the judges entered the Retirement System. Petitioners rely on Supreme Court precedent that declared similar amendments to the Retirement Code unconstitutional. *See Goodheart*; *Klein*; *see also Goodheart v. Casey*, 565 A.2d 757 (Pa 1989) (*Goodheart II*). Petitioners seek declaratory, injunctive, and mandamus relief. Thereafter, Petitioners filed their Application seeking summary relief.[5]

---

[5] An application for summary relief may be granted if a party's right to judgment is clear and no material issues of fact are in dispute. Pa.R.A.P. 1532(b); *Jubelirer v. Rendell*, 953 A.2d 514, 521 (Pa. 2008); *Eleven Eleven Pennsylvania, LLC v. Commonwealth*, 169 A.3d 141, 145 (Pa. Cmwlth. 2017). When ruling on an application for summary relief, "we must view the evidence of record in the light most favorable to the non-moving party and enter judgment only if there is no genuine issue as to any material facts and the right to judgment is clear as a matter of law." *Eleven Eleven*, 169 A.3d at 145 (quoting *Markham v. Wolf*, 147 A.3d 1259, 1270 (Pa. Cmwlth. **(Footnote continued on next page…)**

5

## II. Application

In the Application, Petitioners raise two issues for review and seek relief in conjunction thereto. First, Petitioners contend that the 2017 Amendment violates article V, section 1 of the Pennsylvania Constitution (Unified Judicial System), insofar as it reduces compensation (through retirement benefits or otherwise) available to judges based solely on the date on which they entered the System (i.e., on or after January 1, 2019). Second, they assert that the 2017 Amendment violates article V, section 16(a) of the Pennsylvania Constitution (Compensation of Justices, Judges, and Justices of the Peace), insofar as it reduces compensation (through retirement benefits or otherwise) available to judges based solely on the date on which they entered the Retirement System (*i.e.*, on or after January 1, 2019). Based on these constitutional violations, Petitioners claim they are entitled to specific declaratory, injunctive, and mandamus relief.

## III. Discussion
### A. Pa. Const. art. V, §1

First, Petitioners argue that the 2017 Amendment violates article V, section 1 of the Pennsylvania Constitution, which requires a "unified judicial system." Pa. Const. art. V, §1. A unified judicial system requires that all judges at the same level and performing similar functions be paid the same rate of compensation. *Klein*, 555 A.2d at 1221. According to Petitioners, the 2017 Amendment created a substantial discrepancy in pension benefits for judges who entered the Retirement System before and after January 1, 2019. They maintain that this discrepancy is evidenced by an actuarial analysis performed by the Independent

---

2016) (citation omitted)). "[C]hallenges to the constitutionality of statutes present pure questions of law." *Pennsylvania Environmental Defense Foundation v. Commonwealth*, 161 A.3d 911, 929 (Pa. 2017).

6

Fiscal Office (IFO) in relation to the 2017 Amendment. *See* Petition for Review, ¶61 n.7 (incorporating by reference the IFO Report, 6/4/17).[6] According to the IFO Report, a judge who entered the Retirement System before January 1, 2019, with 30 years' experience, retires with a $144,418 annual annuity, whereas a judge who entered after January 1, 2019, with 30 years' experience retires with $77,188 annual annuity under the new hybrid system. *Id.*, ¶62. By creating classes of judges receiving disparate rates of deferred compensation benefits for similar functions based solely on respective dates of assuming office, Petitioners claim the 2017 Amendment is unconstitutional under article V, section 1 of the Pennsylvania Constitution. *See Klein*.

"An act of the General Assembly is presumed to be valid and will not be declared unconstitutional unless it clearly, palpably and plainly violates the Constitution." *Peake v. Commonwealth*, 132 A.3d 506, 516-17 (Pa. Cmwlth. 2015). "A party challenging the constitutionality of a statute bears a very heavy burden to overcome this presumption." *Id*. "There are two types of constitutional challenges, facial and as-applied." *Id*. A facial challenge tests constitutionality of a statute as written and does not consider the facts, whereas an as-applied challenge tests the law as applied, not on the basis of the text. *Id*.

Article V, section 1 of the Pennsylvania Constitution established the unified judicial system of this Commonwealth, providing:

> The judicial power of the Commonwealth shall be vested in a unified judicial system consisting of the Supreme Court, the Superior Court, the Commonwealth Court, courts of common pleas, community courts, municipal courts in the City of Philadelphia, such other courts as may

---

[6] The IFO Report is available at: https://bit.ly/3Nevuyc (last visited on September 11, 2023).

be provided by law and justices of the peace. All courts and justices of the peace and their jurisdiction shall be in this unified judicial system.

Pa. Const. art. V, §1.

In *Klein*, a group of judges challenged the 1974 Amendment, which eliminated the Class E-1 status and attendant retirement options for new members of the judiciary. *Klein*, 555 A.2d at 1218. The challengers argued that the 1974 Amendment created a two-tiered system of compensation, which resulted in dramatic pension disparities based solely on the dates on which they began their respective terms of office. *Id.* at 1219 (hypothetically comparing two similarly situated judges with same inputs, one entering before the amendment and the other after, and showing that the judge who entered the Retirement System before the amendment would retire with an annual pension of $66,566 whereas the judge who entered after would only collect a pension benefit of $32,000, or $34,566 less than his counterpart).

The Supreme Court agreed that the 1974 Amendment was unconstitutional because it created a two-tiered system of retirement benefits, but differed as to the constitutional basis. The three-Justice plurality[7] held that the 1974 Amendment violated article V, section 1 of the Pennsylvania Constitution. "[T]he unified judicial system requires that all justices, judges and district justices of a single level/court performing similar functions and exercising similar authority be paid at the same rate of compensation." *Klein*, 555 A.2d at 1221. "[R]etirement benefits are not mere gratuities, but are part of the total compensation package, albeit deferred compensation." *Id.* at 1220. "Creation of classes of judges within a single

___

[7] Plurality opinions do not establish binding precedent for future cases. *Commonwealth v. McClelland*, 233 A.3d 717, 729 (Pa. 2020). The plurality's construction of the Pennsylvania Constitution is persuasive only to the extent it is consistent with binding precedent from this Court and the Supreme Court. *Commonwealth v. Hicks*, 208 A.3d 916, 931 (Pa. 2019).

8

level/court, such as the Courts of Common Pleas to receive disparate compensation for similar functions is inequitable and potentially devisive [sic] of the harmony and unity sought to be fostered by unification of the judicial system of this Commonwealth." *Id.* at 1221. "Moreover, the public's perception of a court or courts made up of 'first class' and 'second class' judges erodes public confidence in the independence and integrity of the judiciary." *Id.* Thus, the Court held:

> [T]he two-tiered system of retirement benefits establishing radical disparities in the deferred compensation paid to the members of the two classes of judges (pre-March 1, 1974 and post-March 1, 1974) is unconstitutional as inimical to and destructive of the "unified judicial system" mandated by [a]rticle V, section 1 of the Pennsylvania Constitution.

555 A.2d at 1223.

Accepting *Klein* as persuasive precedent, *Klein* does not hold that all judicial compensation must be identical to satisfy the constitutional concept of a unified judicial system. Judicial pensions for different judges have never been completely identical. There are many variants that affect judicial pensions including the age of the judge at the end of his/her term, vesting, and number of years in office.[8]

---

[8] The following hypothetical provided by the Board clearly illustrates this point:

> Take, for example, two judges who began their service on January 1, 2012 but left judicial service on January 1, 2016. Both made the same regular contributions to their pensions, but Judge A was 55 years old when he began service while Judge B was 60 years old when she began. With the same four years of service on the same court and making the same retirement contributions, their retirement benefits—and thus their judicial compensation—would not be the same. Judge A's pension has not vested, 71 Pa. C.S. §§ 5308(b)(1), 5309(1), and so Judge A would receive only a lump sum consisting of his contributions plus 4% annual interest. . . . Judge B's pension, on the other hand, has vested, and thus she would receive a pension resulting from the defined benefit formula every month for life. So,

**(Footnote continued on next page…)**

9

The concerns expressed in *Klein* existed because of the "radical disparities" between the pre-1974 benefits and the post-1974 benefits. *Klein*, 555 A.2d at 1223. Those disparities were readily knowable because both plans were defined-benefit plans. Under a defined-benefit plan, the member knows exactly how much income he/she will receive after retirement.

The 2017 Amendment philosophically changed Pennsylvania's approach to state employees' retirement benefits by incorporating a defined-contribution plan. The new approach gives employees more choices and flexibility by combining a traditional pension with a more common modern contribution-based retirement model. Compared to the traditional pension system that it replaced, these changes shift both the risks and potential gains from the Commonwealth and taxpayers to the state employees. The 2017 Amendment requires lower contributions by new judges compared to Class E-1 and, in exchange, gives these

---

in the traditional pension system, Judge B was paid more than Judge A for the same judicial service.

Similarly, assume Judge B stays in judicial service until January 1, 2022. But now take her other colleague, Judge C, who also entered judicial service on January 1, 2012 and left on the same day as Judge B in 2022, but he began his service at the age of 40. Using the chart that Petitioners cite, *see* PFR ¶ 61, both Judge B and Judge C have a pension apparently worth $56,728 at superannuation age. *See* IFO Report at 125. But Judge B, who has already reached superannuation age when she ends judicial service, can immediately begin collecting that pension; Judge C, on the other hand, will not reach superannuation age for 10 years. If Judge C takes his pension at 50 years old, it is worth substantially less than $56,728 because of the actuarial reduction for early retirement. *See* 71 Pa. C.S. §5702(a)(2). So, under a traditional pension system, Judge C was paid less for the same judicial service.

Respondents' Brief at 20-21 (footnotes omitted).

10

judges the opportunity to grow their benefits to the same, or a potentially higher, level than what they would have received under the former system. All judges, regardless of when they entered the Retirement System, may elect for the new classification. *See* Section 5306.5 of the Retirement Code, 71 Pa. C.S. §5306.5.

Because the pre-2017 and post-2017 plans are structured differently, the differences between pension benefits are less cognizable. Unlike a traditional defined-benefit pension, a defined-contribution plan is influenced by the market, which could lead to a financial loss or gain. As a result, it is impossible to calculate an annuity of a defined-contribution retirement plan because it depends on individual choice and future market performance. The amount of retirement income a member will receive is not known until the member actually retires. There is a factual discrepancy regarding the impact of the new plan and whether it creates an actuarial discrepancy akin to the two-tiered system of compensation found unconstitutional in *Klein*. Consequently, Petitioners have not demonstrated that the 2017 Amendment is unconstitutional either facially or as applied. Thus, we conclude that Petitioners have failed to demonstrate a clear right to relief under article V, section 1 of the Pennsylvania Constitution.

## B. Pa. Const. art. V, §16(a)

Next, Petitioners argue that article V, section 16(a) of the Pennsylvania Constitution protects judicial compensation from diminishment. According to Petitioners, the 2017 Amendment, as applied to judges, represents a cut in judicial benefits that violates article V, section 16(a) of the Pennsylvania Constitution. *See Goodheart*.

Article V, section 16(a) of the Pennsylvania Constitution provides:

> Justices, judges and justices of the peace shall be compensated by the Commonwealth as provided by law. *Their compensation shall not be diminished during their terms of office, unless by law applying generally to all salaried officers of the Commonwealth.*

Pa. Const. art. V, §16(a) (emphasis added). A challenge to a legislative action under section 16(a) requires a petitioner to establish two elements: (1) that the law at issue "acted to diminish judicial compensation," and (2), "if it did, whether the reduction was constitutional in light of [section 16(a)]." *Stilp v. Commonwealth*, 905 A.2d 918, 939 (Pa. 2006). "[T]he purpose of [s]ection 16(a) is to preserve the Judiciary's independence." *Id*. at 944.

In *Goodheart*, which was decided the same day as *Klein*, the Supreme Court addressed the constitutional challenge to the 1974 Amendment. As in *Klein*, six of the seven justices of the Supreme Court found the 1974 Amendment unconstitutional because it created a two-tiered system of retirement benefits but the justices differed as to the constitutional basis. In *Goodheart*, a three-Justice plurality held that the 1974 Amendment violated article V, section 16(a) of the Pennsylvania Constitution. "There can be but one adequate compensation for each of the judges of the same court because no matter how much greater the experience of learning of one member of it may be than that of another, there can be no difference in the actual performance of the judicial functions." *Goodheart*, 555 A.2d at 1214-15 (internal quotations and citations removed). Because the 1974 Amendment, as applied to judges, represented a cut in judicial benefits, the plurality determined that it violated article V, section 16(a) of the Pennsylvania Constitution.

Later, on reconsideration, the Supreme Court rejected the challenge to its "implicit acceptance . . . that retirement benefits were a part of judicial compensation." *Goodheart II*, 565 A.2d at 759. The Court reiterated that "public

12

retirement benefits are part of compensation for present services. Whether the compensation is received during the judge's years of actual service or during his retirement, Pennsylvania's case law is clear that all of the compensation is for present services." *Id.*

Accepting *Goodheart* as persuasive, it does not support Petitioners' position that all judicial compensation must be identical to satisfy section 16(a). We reiterate that judicial pensions for different judges have never been completely identical based on various factors. At this stage, it is entirely unclear whether the 2017 Amendment diminishes the compensation of any judge. Petitioners have not shown that that the 2017 Amendment is a benefit cut in all situations. The changes made reflect a change in who assumes the risk and the gain of market fluctuation. *See* IFO Report, at 125 (discussing the "Employee Shared Risk/Shared Gain" in the 2017 Amendment). Even if the Court finds that the 2017 Amendment diminishes judicial compensation, it would not violate article V, section 16(a) of the Pennsylvania Constitution because the changes apply generally to *all* salaried officers of the Commonwealth, not just judges. *See* Petition for Review, ¶56; 71 Pa. C.S. §5306(a.4); Pa. Const. art. V, §16(a); *see also* 71 Pa. C.S. §5102 (defining Class A-5 membership). Thus, we conclude that Petitioners have failed to demonstrate a clear right to relief under article V, section 16(a).

Having failed to show a clear right to relief under article V, sections 1 and 16(a) of the Pennsylvania Constitution, we deny Petitioners' Application.

 

 

_____
MICHAEL H. WOJCIK, Judge

Judge Wallace did not participate in the decision of this case.

13

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Hon. Joshua H. Roberts; Hon. Mary C.    :
McGinley; Hon. Nicola Henry-Taylor;    :
Hon. Sabrina Korbel; Hon. Lisa G.    :
Middleman; Hon. Tiffany E. Sizemore;    :
Hon. Wrenna L. Watson;    :
and Hon. David H. Conroy,    :
    :
    Petitioners    :
    :
    v.    : No. 339 M.D. 2022
    :
Pennsylvania State Employees'    :
Retirement Board; David R. Fillman;    :
Glenn E. Becker; Hon. John M. Disanto;    :
Hon. Dan B. Frankel; Stacy Garrity;    :
Hon. Vincent J. Hughes; Gregory K.    :
Jordan; Hon. Paul Schemel; Mary A.    :
Soderberg; Gregory C. Thall; and Richard    :
Vague, in their official capacities as    :
members of the Pennsylvania State    :
Employees' Retirement Board,    :
    :
    Respondents    :

# **O R D E R**

AND NOW, this 13th day of September, 2023, Petitioners' Application for Summary Relief is DENIED.

_____
MICHAEL H. WOJCIK, Judge